UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE BROWN<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY *as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2007-NC4*, ,<br><br>Defendant. | CASE NO. 15-cv-655-MMA (BLM)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* SOLELY FOR PURPOSES OF SCREENING**<br><br>[Doc. No. 2]<br><br>***SUA SPONTE* DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Doc. No. 1] |

On March 3, 2015, Dianne Brown, proceeding *pro se*, filed a notice of removal from the State of California, Superior Court for the County of San Diego and concurrently filed a motion to proceed *informa pauperis* ("IFP"). *See* Civil Case No. 15cv474-MMA (BLM)[1] Doc. Nos. 1, 2. In the state court complaint, Plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital

---

[1] Pursuant to Federal Rule of Evidence 201(c)(1), the Court *sua sponte* takes judicial notice of the related action *Deutsche Bank National Trust Co. v. Brown*, Case No. 15cv474-MMA (BLM) and the documents filed therein.

1  I Inc. ("Deutsche") alleges a single claim against Ms. Brown and Does 1 to 5 for
2  unlawful detainer for possession under $10,000.  *See* Doc. No. 1.  According to the
3  state court complaint, Deutsche is the owner of the real property located at 1767
4  Fernwood Road, Chula Vista, California 91913 ("the subject property"), which it
5  purchased at a trustee's sale on or about August 26, 2010.  Deutsche further seeks
6  immediate possession of the subject property, which Ms. Brown has purportedly
7  occupied without Deutsche's consent, title to, and/or right to possess since the
8  trustee's sale.  In the documents accompanying Ms. Brown's notice of removal, Ms.
9  Brown indicates that the state court entered default judgment against her on or about
10 February 5 or 6, 2015, and Ms. Brown requests that this Court set aside what she
11 claims is an "erroneous default judgment" because she did not receive proper service.
12 *See Deutsche Bank National Trust Co. v. Brown*, Case No. 15cv474-MMA (BLM),
13 Doc. No. 1-3 at 3–5, 9–10.

14      After carefully reviewing the notice of removal and the accompanying
15 documents, the Court found that it did not have subject matter jurisdiction over the
16 action.  Specifically, the Court found that although Ms. Brown indicated on the civil
17 cover sheet upon removal that jurisdiction was based on a federal question, the Court
18 found that because the state court complaint presented no question "arising under"
19 federal law, it did not have federal question jurisdiction.  The state court complaint set
20 forth a single cause of action for unlawful detainer—a claim that arises exclusively
21 under state law.  Further, although Ms. Brown asserted various constitutional claims
22 and federal statutes, the Court noted that her anticipated defenses or counterclaims
23 could not establish federal jurisdiction.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765
24 F.2d 815, 822 (9th Cir. 1985) (holding a defendant's counterclaim presenting a federal
25 question does not make a case removable).  The Court also found that it did not have
26 subject matter jurisdiction based on diversity jurisdiction.  The Court reasoned that
27 even if the parties are citizens of different states as Ms. Brown indicated on the civil
28 cover sheet, the state court complaint states that the amount demanded is <u>under</u>

1  $10,000, which clearly does not exceed the $75,000 amount in controversy
2  requirement.  Because the Court had neither federal question nor diversity jurisdiction,
3  it concluded that it lacked federal subject matter jurisdiction over the complaint and
4  remanded the action to state court.

5       On May 24, 2015, Ms. Brown initiated the instant action by filing a document
6  entitled "Emergency Ex Parte Application for TRO, Order to Show Cause Why
7  Preliminary Injunction Should Not Issue."  *See* Doc. No. 1.  Ms. Brown concurrently
8  filed a motion to proceed IFP.  *See* Doc. No. 2.  Ms. Brown now seeks to enjoin
9  Deutsche from all attempts to take possession of the subject property.  Although it is
10 not clear from the complaint and other filings,[2] Ms. Brown appears to allege that she
11 has acquired title to the subject property through adverse possession.  Ms. Brown also
12 appears to allege that Deustche's attempts to take possession of the subject property
13 violate the Federal Debt Collection Practices Act ("FDCPA") and California's
14 Rosenthal Fair Debt Collection Practices Act.

## MOTION TO PROCEED IFP

16      All parties instituting any civil action, suit or proceeding in a district court of
17 the United States, except an application for writ of habeas corpus, must pay a filing
18 fee of $350.[3]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's
19 failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to
20 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).
21 "To proceed *in forma pauperis* is a privilege not a right."  *Smart v. Heinze*, 347 F.2d
22 114, 116 (9th Cir. 1965).

23      A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins*

---

[2] The Court notes that Ms. Brown's filings are unclear and at times nonsensical. However, because Ms. Brown is proceeding *pro se*, the Court construes her filings and allegations liberally, affording her the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

[3] All parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  However, the $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.

*v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Based on the information provided by Plaintiff in her IFP motion, pursuant to 28 U.S.C. § 1915(a), the Court **GRANTS** Plaintiff's IFP motion solely for the purpose of screening the *pro se* complaint and adjudicating the motions currently before the Court.

## SCREENING PURSUANT TO 28 U.S.C. § 1915 (E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

"[S]ubject-matter jurisdiction concerns the courts' statutory or constitutional *power* to adjudicate cases."  *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (internal quotations omitted)).  Thus, without subject-matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim. *See Steel Co.*, 523 U.S. at 89; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  For this reason, "[w]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

"Federal courts are courts of limited jurisdiction without general subject matter

jurisdiction." *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1174-75 (S.D. Cal. 2007) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Thus, federal courts "possess only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377.  For example, federal courts have original subject-matter jurisdiction over cases that present a federal question pursuant to 28 U.S.C. § 1331 or that involve citizens of different states and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332.  Because of the federal court's limited jurisdiction, a federal court is presumed to lack subject matter jurisdiction unless the contrary is affirmatively established. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The party asserting jurisdiction, here Ms. Brown, has the burden of establishing federal jurisdiction.  *See Kokkonen*, 511 U.S. at 377 (internal citations omitted).

     Ms. Brown indicates on the civil cover sheet that jurisdiction in this Court is based on diversity jurisdiction. *See* Doc. No. 1-1.  However, Ms. Brown does not allege any amount in controversy, and therefore does not meet her burden of satisfying the amount-in-controversy requirement.  Moreover, although she claims that the parties are citizens of different states, she simultaneously indicates that she is a resident of San Diego County, and Deutsche is a resident of Orange County, specifically of Irvine, California. *See id.*  Thus, Ms. Brown's own allegations establish that both she and Deutsche are citizens of California, and therefore there is no diversity of citizenship. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").  Accordingly, the Court finds that it lacks subject matter jurisdiction based on diversity jurisdiction.

     This leaves federal question as the only available basis of jurisdiction in this Court.  Ms. Brown appears to bring a claim for violations of the FDCPA, which as a federal statute would ordinarily provide the basis for federal question jurisdiction.

However, her FDCPA claim against Deutsche is not cognizable because Deutsche is not a debt collector within the meaning of the FDCPA. *See, e.g.*, *Hidalgo v. Aurora Loan Servs. LLC*, No. 13-CV-1341-H JMA, 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013) ("However, an unlawful detainer action regarding holdover occupants after foreclosure does not qualify as the collection of a debt within the meaning of the FDCPA."); *Duenas v. Freitas*, No. 13cv0836 SBA, 2013 WL 3298249, at *4 (N.D. Cal. June 28, 2013) ("Moreover, a FDCPA claim cannot be predicated on actions relating to the filing and prosecution of an unlawful detainer action."); *Brambila v. Reo Bay Area, LP*, No. 11cv03202 SI, 2011 WL 4031142, at *5 (N.D. Cal. Sept. 8, 2011) (holding the defendants did not fit the definition of "debt collector" under the FDCPA where "they simply commenced—and successfully litigated—an unlawful detainer action against plaintiffs with respect to possession of the premises"). All of Ms. Brown's remaining claims, including her purported right to possess the property based on adverse possession, arise exclusively under state law. Accordingly, the Court finds that it does not have subject matter jurisdiction on the basis of federal question.

Finally, even where federal courts otherwise have subject matter jurisdiction, the Rooker-Feldman doctrine prohibits federal courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)); *see also Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004). The rationale underlying this doctrine is that the United States Supreme Court is the only federal court with jurisdiction to hear an appeal from a state court judgment. *See Kougasian*, 359 F.3d at 1139; *see also Maldonado*, 370 F.3d at 949 ("Rooker–Feldman recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts."). In applying this doctrine, the Ninth Circuit has noted that the "clearest case

for dismissal based on the *Rooker–Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008) (internal citation omitted). The doctrine also applies "where the parties do not directly contest the merits of a state court decision," but the federal suit necessarily functions as a "*de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859 (citing *Kougasian*, 359 F.3d at 1139).

Here, even if the Court otherwise had subject matter jurisdiction based on diversity or federal-question, the *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction over this matter because it is a de facto appeal from the state court's default judgment entered against Ms. Brown. Ms. Brown removed the related case *Deutsche Bank National Trust Co. v. Brown*, Case No. 15cv474-MMA (BLM) shortly after the state court entered default judgment against her on or around February 5, 2015. Ms. Brown concurrently filed a document entitled "Notice Automatic Stay of Execution of Judgement" in which she requests that this Court set aside what she claims is an "an erroneous default judgment" entered against her based on alleged improper service. *See Deutsche Bank National Trust Co. v. Brown*, Case No. 15cv474-MMA (BLM), Doc. No. 1-3 at 2, 5. In the instant case, Ms. Brown similarly seeks to have this Court determine that is she entitled to possession of the subject property and to enjoin Deutsche from enforcing its right to possess the property, which would necessarily require this Court to reverse and/ or vacate the state court's judgment. Accordingly, this action is a de facto appeal of a state court judgment, and the Court lacks subject matter jurisdiction over this matter.

## CONCLUSION

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2]
2. The Court **DISMISSES with prejudice** this action *sua sponte* under 28

U.S.C. § 1915(e)(2)(B) for lack of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

3. In light of the Court's finding that it lacks subject matter jurisdiction, the Court **DENIES AS MOOT** Plaintiff's ex parte motion for a temporary restraining order [Doc. No. 1] and request for issuance of writ of execution [Doc. No. 5].

4. The Clerk of Court shall enter judgment accordingly and terminate this case.

**IT IS SO ORDERED.**

DATED: March 27, 2015

Hon. Michael M. Anello
United States District Judge